IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESS T. LAMMERS,<br><br>                 Petitioner,<br><br>vs.<br><br>NEBRASKA,<br><br>                 Respondent. | **8:22CV106**<br><br>**MEMORANDUM AND ORDER** |

This matter is before me on initial review of Petitioner Jess T. Lammers' ("Lammers") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filing 1.) For the reasons discussed below, I will dismiss Lammers' petition without prejudice.

In his petition filed on March 23, 2022, Lammers challenged an order of the District Court of Phelps County, Nebraska in Case No. CR20-32 committing him to the Lincoln Regional Center ("LRC"). (Filing 1; *see also* Filing 8 at CM/ECF p. 2.) Lammers asked the court to override the state district court and "order Lincoln Regional Center to immediately release Mr. Lammers as Mr. Lammers is fit for trial and Mr. Lammers is fit to exercise 6th Amendment Rights." (Filing 1 at CM/ECF p. 2.)

According to Lammers' state court records, available to this court online, the Phelps County District Court ordered that Lammers be committed for an inpatient competency evaluation at the LRC on or about February 2, 2022. On March 18, 2022, the state district court held a hearing on Lammers' competency evaluation,

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

found that Lammers was not competent to stand trial at that time, and ordered that Lammers be committed to the LRC for restoration of competency. On April 22, 2022, the state district court held a hearing and determined that Lammers was competent to stand trial and ordered his release from the LRC. On May 6, 2022, Lammers filed a notice of address change in this court confirming that he was no longer in custody at the LRC. (Filing 16.) I take judicial notice of the state district court records related to this case in *State v. Lammers*, No. CR20-32, District Court of Phelps County, Nebraska.[2] *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

As the Eighth Circuit Court of Appeals has explained,

> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir.2000); *see* U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005).

---

[2] Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

Because Lammers has been released from the LRC, I conclude this case is moot and must be dismissed. *See McGill v. Mukasey*, No. 8:08CV345, 2009 WL 277556, at *1 (D. Neb. Feb. 5, 2009) (finding habeas petition moot where petitioner was released from custody, there was no continuing injury traceable to the respondents, and court could not issue any decision which would further the relief sought by the petitioner).

Finally, because "the detention complained of arises from process issued by a state court," Lammers must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Lammers is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing 1) is dismissed without prejudice. No certificate of appealability has been or will be issued. The court will enter judgment by separate document.

2. Petitioner's pending motions (filings 5, 6, 8, & 13) are denied as moot.

Dated this 16th day of June, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge